Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard for the three-judge panel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2401 | **DATE** | 7/2/2002 |
| **CASE TITLE** | Barnett, et al. vs. Illinois State Board of Elections, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' and plaintiff-intervenors' motion to compel discovery

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' and plaintiff-intervenors' motion to compel discovery is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

**FILED JUL 1 2 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | *11* number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | JUL 15 2002 date docketed | 26 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2002 JUL -2 AM 11:15 | 7-2-02 date mailed notice | |
| /LC7 | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs and plaintiff-intervenors ("plaintiffs") in this case ask the court to compel the U.S. Department of Commerce ("Department"), which is not a party to this case, to comply with a subpoena they previously served on the Department in case no. 01 C 8347. The subpoena sought certain data from the 2000 federal census and also requested the Department to produce a Rule 30(b)(6) witness to testify about the Department's methodology in collecting and analyzing the requested census data. The Department treated the subpoena as a request for testimony or information pursuant to its so-called Touhy regulations (named after the U.S. Supreme Court case, United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)). See 15 C.F.R. § 15.11(a) (subpoena initiates Department's administrative process). It then refused the request, explaining its reasons for doing so in a six page letter dated May 29, 2002.

Initially, the court must determine if plaintiffs have jumped through the right procedural hoops to make this request. In Edwards v. United States Dep't of Justice, 43 F.3d 312 (7th Cir. 1994), our court of appeals discussed what happens when a private litigant serves a subpoena upon a federal agency. Such a subpoena, the court stated, is "in effect a request for information from an executive department" and is thus "treated as an administrative demand." Id. at 316. This means a federal agency's response to a subpoena is "subject to judicial review with three procedural limitations. First, the action to be reviewed *has to be* an [Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.] claim directed at the agency...." Edwards, 43 F.3d at 316 (emphasis added). The emphasized language does not seem to leave much wiggle room: if plaintiffs want the court to review the Department's refusal to comply with their subpoena, they must file an APA claim against the Department.

Instead, though, plaintiffs have filed a (belated) motion to compel discovery, believing this procedure is adequate to bring the Department before the court. See United States Envtl. Prot. Agency v. General Elec. Co., 197 F.3d 592, 599 (2d Cir. 1999) (holding that the "APA allows the enforcement of a non-party subpoena duces tecum for discovery against the government through a motion to compel compliance"). The court believes this approach is in fact compatible with Edwards, despite the emphasized language above. The bottom line in this case, no matter how the parties get there, is that the Department's refusal to comply with plaintiffs' subpoena, which was made pursuant to its Touhy regulations, is, as Edwards instructs, to be reviewed by the court under the standard set forth in the APA, 5 U.S.C. § 706(2)(A).[1] See Edwards, 43 F.3d at 314-16. And a motion to compel directed against the Department does the job of bringing the APA "action," 5 U.S.C. § 703, before the court equally as well as, if not better than, a separate APA claim against the Department. See General Electric, 197 F.3d at 599.

Under the APA, this court may not reverse the Department's decision not to comply with the subpoena unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Edwards, 43 F.3d at 314. In this context the court considers only whether the Department's decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment; the ultimate standard of review is a narrow one and the court may not substitute its judgment for that of the agency. See Sierra Club v. Marita, 46 F.3d 606, 619 (7th Cir. 1995). The court finds the Department's decision easily satisfies this standard.

In its May 29 letter the Department carefully laid out the reasons why it would not produce the information or testimony plaintiffs had requested, based largely on the specific factors outlined in the Department's Touhy regulations. See 15 C.F.R. § 15.13. First and foremost, the Department explained, the data plaintiffs seek simply does not yet exist, at least not in a final form. Although the Department has completed the "Sample Estimated Data File" ("SEDF"), and the specific information plaintiffs have requested – "the citizenship status of the population of Illinois" – is part of the SEDF, the requested information will not be tabulated or summarized at any geographical level until the Department creates "Summary File 4." This file is due to be released between October 2002 and February 2003. The Department further explained in detail the burdensome and time-consuming process of specially creating ahead of schedule the data set plaintiffs are after. A critical step in this process is to ensure that confidential information is not inadvertently released. The Department is understandably concerned such a "special tabulation" would "redirect many resources away from its responsibilities," including the release of "certain standard data products on a published schedule." Because data from Census 2000 is an "integral part of many federal programs and funding formulae," the Census Bureau "has committed itself to releasing products on a certain schedule." Finally, with the particular data file not yet in existence, the Department naturally refused to produce a Rule 30(b)(6) witness to discuss the methodology of how the Department creates or analyzes that data. In sum, the Department concluded that plaintiffs' requests would place a "significant strain on the Census Bureau's resources, would require the Census Bureau to spend time and money on private interests, and could allow for the disclosure of confidential information." The Department also expressed concern about the "cumulative effects" of plaintiffs' requests, fearing that multiple requests of a like nature would truly overwhelm the Department.

In response to these seemingly valid concerns, plaintiffs insist they have made only a "routine request for computerized discovery" and assert it would be "relatively straightforward" for the Department to set up a "typical computer discovery protocol" allowing it to produce the data set they seek. They also downplay the Department's cumulative burden argument and refusal to produce a Rule 30(b)(6) as unfounded. But no matter how innocuous plaintiffs make their production requests sound, or how exaggerated they believe the Department's reasons are, the court finds they have not come close to showing the Department acted arbitrarily or capriciously, abused its discretion, or did not otherwise act in accordance with law. As the May 29 letter quite clearly demonstrates, the Department considered all of the relevant factors, thoroughly explained the reasons for its decision, and acted well within its discretion in refusing plaintiffs' demands. "When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." COMSTAT, 190 F.3d at 278. As in COMSTAT, the court finds the Department's decision was reasonable and accordingly defers to its judgment.

For the reasons stated above, plaintiffs' motion to compel discovery is denied.

---

[1] Citing Linder v. Calero-Portocarrero, 251 F.3d 178 (D.C. Cir. 2001), plaintiffs hint the court should actually use Rule 45's discretionary standard. They also try to distinguish Edwards on the ground that the court in Edwards did not have the opportunity to consider whether Rule 45 should apply instead of the APA because that case was originally filed in state court and then removed to federal court, so the subpoena in that case was issued under the aegis of the state court's procedures, not Rule 45. All of this is true enough, but the Edwards opinion is simply too broadly worded to leave room for such factual nit-picking. Edwards unequivocally held that a federal agency's refusal to comply with a subpoena, at least when done "pursuant to valid agency regulations," is to be reviewed under the APA. Edwards, 43 F.3d at 315. Until the Supreme Court says otherwise or the Seventh Circuit decides to limit Edwards to the particular facts of that case, this court is bound to follow it as is. Worth noting is that this approach has the support of at least one other federal court of appeals. See COMSAT Corp. v. National Sci. Found., 190 F.3d 269, 277 (4th Cir. 1999); but see Linder, 251 F.3d at 181; Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774, 778-89 (9th Cir. 1994); but cf. General Electric, supra, modified on reh'g, 212 F.3d 689 (2d Cir. 2000) (withdrawing portion of previous opinion holding that APA's standard of review applies to agency's refusal to respond to subpoena).